Menachem M. Piekarski (SBN 326531)
Mendy.Piekarski@ThompsonHine.com
THOMPSON HINE LLP
335 Madison Avenue
12th Floor
New York, New York 10017-4611
Tel.: 212.908.3971
Fax: 212.344.6101

Eric Heyer (*to be admitted pro hac vice*)
Eric.Heyer@ThompsonHine.com
1919 M Street, N.W. Suite 700
Washington, D.C. 20036
Telephone: 202.331.8800
Facsimile: 202-331.8330

Carrie A. Shufflebarger
(*to be admitted pro hac vice*)
Carrie.Shufflebarger@ThompsonHine.com
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45202
Telephone: 513.352.6700
Facsimile: 513.241.4771

Attorneys for Plaintiff
Access Vapor LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Access Vapor, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>California Grown E-Liquids, LLC; Jeffrey Nelson; Jeffrey Evans; Alexander Breish; Propaganda E-Liquid, LLC; and Cuttwood LLC,<br><br>    Defendants. | Case No. 8:20-cv-2052<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

Plaintiff Access Vapor, LLC ("Access" or "Plaintiff"), by and through its undersigned counsel, for its Complaint for trademark infringement, unfair

THOMPSON HINE LLP
ATTORNEYS AT LAW
CINCINNATI

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR
COMPETITION

competition, false designation of origin, and violation of the California Unfair Practices Act against Defendants California Grown E-Liquids, LLC ("California Grown"), Jeffrey Nelson ("Nelson"), Jeffrey Evans ("Evans"), Alexander Breish ("Breish"), Propaganda E-Liquid, LLC ("Propaganda"), and Cuttwood LLC ("Cuttwood") (collectively, "Defendants"), alleges and avers as follows:

## NATURE OF THE ACTION

1. This is an action brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, unfair competition, false designation of origin, and violation of the California Unfair Practices Act.

## THE PARTIES

2. Plaintiff Access Vapor, LLC is a Florida limited liability company with a principal place of business at 7519 Currency Drive, Orlando, Florida 32809.

3. On information and belief, Defendant California Grown E-Liquids, LLC is a California limited liability company with addresses at 17922 Sky Park Circle, Irvine, California 92614, and 4917 River Avenue, Newport Beach, California 92663.

4. On information and belief, Defendant Jeffrey Nelson is a co-founder and manager of Defendant California Grown E-Liquids, LLC with an address at 4917 River Avenue, Newport Beach, California 92663.

5. On information and belief, Defendant Jeffrey Evans is a manager of Defendant California Grown E-Liquids, LLC with an address at 2775 Mesa Verde Drive East Apt. U102, Cosa Mesa, California 92626.

6. On information and belief, Alexander Breish is a manager of Defendant California Grown E-Liquids, LLC with an address at 1000 South Coast Dr., Apt. G101, Costa Mesa, California 92626.

7. On information and belief, Defendant Propaganda E-Liquid, LLC is a Delaware limited liability company with an address at 17742 Mitchell North, Suite A, Irvine, California 92614.

8. On information and belief, Defendant Cuttwood LLC is a California limited liability company with an address at 1622 Deere Avenue, Irvine, California 92606.

## JURISDICTION AND VENUE

9. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338 (civil action arising under any Act of Congress relating to trademarks), and 1367 (supplemental jurisdiction).

10. This Court has personal jurisdiction over Defendants because each resides within this state and judicial district.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because each resides within this state and judicial district.

## BACKGROUND

### A. Plaintiff Access Vapor

12. Plaintiff Access Vapor is a distributor of vapor products containing nicotine, including, *inter alia*, disposable e-cigarette products.

13. Access Vapor is the owner of, and is currently using in United States commerce, marks consisting of or incorporating "CALI," including CALI PODS, CALI AIR, CALI PLUS, and CALI MAXX (collectively, the "CALI Marks"). Access Vapor has used the CALI Marks in U.S. commerce in connection with its vapor products since at least as early as August 1, 2018.

14. Access Vapor currently owns the following valid and subsisting federal registrations for its CALI Marks:

| REG. NO. | MARK |
|---|---|
| 5718373 | CALI PODS |
| 5953789 | CALi PODS |
| 6135713 | CALI AIR DISPOSABLES |

15. Access Vapor's CALI Marks are displayed in a distinctive fashion, with the term CALI stacked above the other term that appears on the packaging, separated by a colored bar that either displays a bear puffing vapor or identifies the flavor of the product, examples of which are shown below.



16. Access Vapor has sold goods bearing the CALI marks through various channels of trade, including through wholesale distributors of vaping products, independently owned vapeshops, and through online distributors and retailers of such products.

17. Access Vapor has advertised and promoted goods bearing the CALI Marks in various media, including industry-leading trade shows and the internet.

18. Access Vapor has expended substantial amounts of money, time, and effort in advertising, promoting, and popularizing its CALI Marks and in preserving the goodwill associated therewith.

19. The CALI Marks are widely recognized as the source identifier of Access Vapor and its high-quality goods and services. Access Vapor's CALI Marks have become distinctive of and associated in the minds of the trade and purchasing public with Access Vapor as a well-known provider of its goods.

20. The relevant consuming public has come to know Access Vapor's CALI Marks and recognize that any goods so marked originate with ACCESS VAPOR. By virtue of these efforts and by virtue of the excellence of its goods, Access Vapor has gained a valuable reputation for its CALI Marks.

### B. Defendants California Grown E-Liquids, LLC, Nelson, Evans, and Breish

21. Defendant California Grown is a manufacturer of e-liquids and other vaping products, and Defendants Nelson, Evans, and Breish are listed as "managers" of California Grown in corporate filings with the California Secretary of State.

22. On August 13, 2020, Defendant Nelson filed with the California Secretary of State a Certificate of Cancellation of California Grown's limited liability company, but on information and belief, California Grown continues to operate as an ongoing business manufacturing and distributing e-liquids and other vaping products. Because of their personal involvement in the infringing activities described herein, Nelson, Evans, and Breish are personally liable for the damages caused by the misconduct complained of herein both while Defendant California Grown was organized and following its dissolution.

23. On or about September 20, 2018, Defendant Evans visited Access Vapor's warehouse and distribution facility in Orlando, Florida, where he obtained first-hand knowledge of Access Vapor's use of its CALI Marks in connection with several of its disposable vapor products.

24. In or around January 2020, Access Vapor learned that California Grown was distributing virtually identical vaping products under the trademark CALI

BARS, which it displayed using a confusingly similar stacked logo with the term "CALI" appearing above the term "BARS," separated by a narrow strip similar to that which appears in Access Vapor's CALI Marks:

 

25. In January 2020, counsel for Access Vapor sent a cease and desist letter to California Grown advising it of Access Vapor's trademark rights, but to date California Grown's infringement persists.

**C.   Defendant Propaganda**

26. In or around January 2020, Access Vapor learned that Propaganda was also distributing virtually identical vaping products under the trademark CALI BARS, which it displayed using a confusingly similar stacked logo with the term "CALI" appearing above the term "BARS," separated by a narrow strip similar to that which appears in Access Vapor's CALI Marks:



THOMPSON HINE LLP
ATTORNEYS AT LAW

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

27. On information and belief, Propaganda's CALI BARS product is a joint venture and/or a co-branded offering that is licensed by or otherwise affiliated with California Grown, Nelson, Evans, and Breish.

28. In January 2020, counsel for Access Vapor sent a cease and desist letter to Propaganda advising it of Access Vapor's trademark rights, but on information and belief, Propaganda's infringement persists.

**D.  Defendant Cuttwood**

29. Defendant Cuttwood is an e-liquid manufacturer and distributor.

30. In Fall 2020, Access Vapor learned that Defendant Cuttwood was also offering vaping products in connection with the CALI BARS mark:



31. On information and belief, Cuttwood's CALI BARS product is a joint venture and/or a co-branded offering that is licensed by or otherwise affiliated with California Grown, Nelson, Evans, and Breish.

**E.  Defendants' Use of CALI BARS Is Causing Actual Confusion with Access Vapor's CALI Marks**

32. Defendants' CALI BARS marks are confusingly similar in sight, sound, and overall commercial impression to Access Vapor's CALI Marks.

33. The vaping products offered and sold by Defendants in connection with the CALI BARS marks are identical and/or substantially similar to the vaping products that Access Vapor has offered under its CALI Marks.

34. Defendants' vaping products bearing the CALI BARS marks are sold through the same trade channels as the vaping products bearing Access Vapor's CALI Marks.

35. Upon information and belief, Defendants adopted the CALI BARS mark with actual knowledge of Access Vapor and its CALI Marks, with the intent to select a mark similar thereto and/or to create an association with Access Vapor's CALI Marks.

36. The parties' respective goods are relatively inexpensive, and thus the degree of customer care exercised when purchasing such goods is relatively low.

37. Defendants' adoption and use of CALI BARS is causing actual confusion in the marketplace: multiple large, national distributors of vaping products have contacted Access Vapor in an attempt to procure goods bearing the CALI BARS mark, erroneously believing that such products are manufactured and distributed by Access Vapor.

38. As a result of Defendants' actions, Access Vapor was required to hire the law firm Thompson Hine, and is obligated to pay its attorneys a reasonable fee for their services.

## COUNT I
### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

39. Access Vapor incorporates by reference the allegations of Paragraphs 1-38 above.

40. Defendants' unauthorized use in commerce of a mark that is confusingly similar in sight, sound, and overall commercial impression to Access Vapor's CALI Marks in connection with the advertisement and sale of goods identical to and/or substantially similar to those offered by Access Vapor, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendants' goods, and is likely to cause

consumers to mistakenly believe that Defendants' goods have been authorized, sponsored, approved, endorsed, or licensed by Access Vapor, or that Defendants are the same as or are in some way affiliated with Access Vapor or the goods Access Vapor offers under its marks.

41. Defendants' acts constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Defendants' infringement of the CALI Marks entitles Access Vapor to recover monetary relief pursuant to 15 U.S.C. § 1117, including damages, profits, costs, and reasonable attorneys' fees.

43. Defendants' acts of infringement of the CALI Marks have caused and will continue to cause irreparable injury to Access Vapor if not restrained by this Court from further violation of Access Vapor's rights. Access Vapor has no adequate remedy at law, and therefore seeks injunctive relief under 15 U.S.C. § 1116.

## COUNT II
**(Trademark Infringement, Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))**

44. Access Vapor incorporates by reference the allegations of Paragraphs 1-43 above.

45. Defendants' adoption and unauthorized use in commerce of a confusingly similar mark with the advertising, marketing, and sale of goods that are identical to those offered by Access Vapor in connection with its CALI Marks, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendants' goods, and is likely to cause consumers to mistakenly believe that Defendants' goods have been authorized, sponsored, approved, endorsed, or licensed by Access Vapor, or that Defendants are in some way affiliated with Access Vapor or the goods and services that Access Vapor offers under its marks.

46. Defendants' acts, alleged herein, constitute infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. By reason of Defendants' actions, Access Vapor has suffered irreparable harm to its valuable trademarks and service marks and the goodwill associated therewith.  Access Vapor has been and, unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

48. As a direct and proximate result of Defendants' conduct, Access Vapor has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT III
### (California Unfair Practices Act, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

49. Access Vapor incorporates by reference the allegations of Paragraphs 1-48 above.

50. Defendants' adoption and unauthorized use in commerce of a confusingly similar mark with the advertising, marketing, and sale of goods that are identical to those offered by Access Vapor in connection with its CALI Marks, as alleged herein, constitutes "unlawful, unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code § 17200, *et. seq.,* and constitutes unfair competition under California law.

51. By reason of Defendants' actions, Access Vapor has suffered irreparable harm to its valuable trademarks and the goodwill associated therewith.  Access Vapor has been and, unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

52. As a direct and proximate result of Defendants' conduct, Access Vapor has suffered and will continue to suffer damages in an amount to be proved at trial.

53. Defendants have acted with malice, oppression, and fraud, as defined in California Civil Code § 3294, and willfully and with the intent to cause injury to Access Vapor, thereby warranting an assessment of punitive damages in an amount appropriate to punish each Defendant and to deter others from engaging in similar misconduct.

## RELIEF REQUESTED

**WHEREFORE**, Access Vapor requests that this Court enter judgment in favor of Plaintiff Access Vapor LLC and against each of the Defendants, specifying that:

a. Defendants have willfully and deliberately violated 15 U.S.C. §1114(a), that Access Vapor has been damaged by such violations, and that Defendants are jointly and severally liable to Access Vapor for such violations;

b. Defendants have willfully and deliberately violated 15 U.S.C. §1125(a), that Access Vapor has been damaged by such violations, and that Defendants are jointly and severally liable to Access Vapor for such violations;

c. Defendants have willfully and deliberately violated Cal. Bus. & Prof. Code §§ 17200 *et seq.,* that Access Vapor has been damaged by such violations, and that Defendants are jointly and severally liable to Access Vapor for such violations

d. Under all claims for relief, for an order that Defendants, their affiliates, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be preliminarily and permanently enjoined from using the CALI Marks and/or any confusingly similar marks or colorable imitations thereof in connection with the promotion, advertisement, display, sale, or distribution of any goods or services offered by Defendants;

e. For an order for Defendants to remove and deliver up for destruction all advertisements, packaging, labels, materials, and other articles bearing the CALI

BARS Mark or any other mark that infringes Access Vapor's CALI Marks;

  f. For an order awarding damages, jointly and severally, pursuant to 15 U.S.C. § 1117, Cal. Bus. & Prof. Code §§ 17200 *et. seq.,* and Cal. Civ. Code § 3294, including but not limited to all gains, profits, and advantages derived from Defendants' sale of goods in connection with the CALI Marks, Access Vapor's damages and costs, treble damages, and punitive damages for Defendants' willful and intentional misconduct.

  g. For an award of Access Vapor's costs and disbursements incurred in this action;

  h. For an order awarding attorneys' fees for violation of the Lanham Act, or as otherwise allowed by law or equity;

  i. For an award of interest, including prejudgment and post judgment interest at the statutory rate; and

  j. Any other additional relief as the Court deems just and proper.

Dated: October 26, 2020    THOMPSON HINE LLP

            By: /s/ Menachem M. Piekarski
               Menachem M. Piekarski

            Attorneys for Plaintiff
            Access Vapor LLC